NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HECTOR SALDARRIAGA, | : | CIVIL ACTION NO. 06-60(FSH) |
| Petitioner, | : | OPINION |
| v. | : | November 6, 2006 |
| ALBERTO GONZALES, etc., et al., | : | |
| Respondents. | : | |

**APPEARANCES**:

Jorge Guttlein, Esq.
291 Broadway
Suite 1500
New York, N.Y.  10007

Attorney for Petitioner

Jafer Aftab
Assistant U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102

Attorney for Respondents

**HOCHBERG**, District Judge

On January 6, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  On March 2, 2006, Respondents filed a Response to the Petition. Petitioner contends that he cannot be removed to Colombia, the country of his citizenship, and that his indefinite detention in lieu of removal is unconstitutional.  The named respondents are the Attorney General of the United States, the United States Department of Homeland Security, the Bureau of Immigration and Customs Enforcement, the acting field office director for the Bureau of Immigration and Customs Enforcement, and the facility director for the Bergen County Jail.

**BACKGROUND**

Petitioner is a national of Colombia. He was admitted to the United States in 1993 as a legal permanent resident. In 1994, he was convicted of first-degree sexual abuse. In 2003, Petitioner was deprived of his immigration status and ordered removed. In 2005, after his administrative appeal was dismissed for failure to file a statement or brief and his motion for reconsideration was denied, Petitioner was detained by the Bureau of Immigration and Customs Enforcement ("ICE") for removal.

Respondents state that on July 5, 2005, Petitioner filed an untimely petition for review and obtained a stay of removal in the Court of Appeals for the Second Circuit. Respondents also state that the Government sought Petitioner's assistance in obtaining travel documents for his removal on October 5, 2005, December 28, 2005, January 18, 2006 and February 9, 2006 but Petitioner refused. The Government has since sought those travel documents with the Colombian consulate. Respondents argue that but for the stay of removal, Petitioner would have been removed.

**DISCUSSION**

The petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, unless the petitioner can demonstrate that his custody violates federal statutory or constitutional law or a treaty of the United States, his petition must be denied for lack of merit.

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, an alien must be released if he can establish that his removal is not reasonably foreseeable. See Clark v. Martinez, 543 U.S. 371 (2005); Zadvydas v. Davis, 533 U.S. 678 (2001).

In addition, section 1231(a)(1)(C) provides that the removal period shall be extended, and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal."

Here, Petitioner argues that his continued detention violates the United States Supreme Court's ruling in Zadvydas. However, it has been held that because Petitioner has a stay of removal in effect, the post-order removal period does not begin until the Court decides the petition for review. See Vasquez v. Immigration and Customs Enforcement, 2005 WL 3481523 at *2 (3d Cir. Dec. 21, 2005)(unpubl.) (citing 8 U.S.C. § 1231(a)(1)(B)(ii)); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002)(by applying for stay, petitioner interrupted the running of the time under Zadvydas); Evangelista v. Ashcroft, 204 F. Supp.2d 405, 409

3

(E.D.N.Y. 2002)(petitioner's reliance on Zadvydas to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation); Hines-Roberts v. Ashcroft, 2003 WL 21305471 at *3 (D. Conn. Jun. 5, 2003)(unpubl.)(as a result of stay of deportation, Attorney General could not seek to bring about petitioner's deportation, and therefore, period of detention does not raise due process issue presented in Zadvydas); Archibald v. INS, 2002 WL 1434391 at *8 (E.D. Pa. July 1, 2002) (unpubl.) (because petitioner asked for and was granted stay of deportation, he is not being held in violation of Zadvydas, but rather held pursuant to stay he requested).  For substantially the same reasons, the respondents rely on Abimbola v. Ridge, 2005 WL 588769 *2 (D. Conn. 2005)("a self-inflicted wound cannot be grounds for a Zadvydas claim").

Here, according to the documents submitted by Respondents, Petitioner was granted a stay of the removal in the Second Circuit.  Thus, this Court finds that, as the stay is still in effect, the ninety-day removal period and the presumptively-reasonable six-month period has not yet begun to run pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii).

Moreover, there is no indication in the record that Petitioner's removal to Colombia is not reasonably foreseeable if the stay of removal is lifted.  The government has sought travel documents with the Colombian consulate, and the government is ready to remove Petitioner as soon as the stay is lifted.  Accordingly, it would appear that Petitioner's continued detention also complies with the mandates of Clark and Zadvydas.

Nevertheless, Petitioner also appears to contend that the sheer length of his prolonged detention violates his right to due process under the Fifth Amendment.  In Oyedeji v. Ashcroft, 332 F. Supp.2d 747 (M.D. Pa. 2004), the district court noted that the "price for securing a stay of

4

removal should not be continuing incarceration," and concluded that the Due Process Clause of the Fifth Amendment requires that a criminal alien should be afforded an opportunity to be heard on the question of conditional release pending judicial review of a final administrative order of removal, the execution of which has been stayed by judicial order.  See Oyedeji, 332 F. Supp.2d at 753-754; Harrison v. Hogan, 2005 WL 2020711 (M.D. Pa. July 18, 2005); Haynes v. Department of Homeland Security, 2005 WL 1606321 (M.D. Pa. July 8, 2005).

    The Third Circuit has held that:

> [w]hen detention [of an alien] is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable.  The fact that some aliens posed a risk of flight in the past does not mean they will forever fall into that category.  Similarly, presenting danger to the community at one point by committing crime does not place them forever beyond redemption.

Ngo v. INS, 192 F.3d 390, 398 (3d Cir. 1994).  The fact that a stay of removal has been issued in this case should not change this result.  See Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003)(an alien not normally subject to indefinite detention as in Zadvydas should not be detained simply because he seeks avenues of relief legally available to him; while the alien may be responsible for seeking a stay of removal, he is not responsible for the length of time such determinations may take); Oyedeji, 332 F. Supp.2d at 753 (the price for securing a stay of removal should not be indefinite detention).

    Thus, having concluded that Petitioner is protected by the Fifth Amendment's Due Process Clause, this Court must next determine the review to which Petitioner is entitled with respect to conditional release.  Title 8 of the Code of Federal Regulations, section 241.4 governs

the review process, and section 241.13 governs determinations of the likelihood of removal.

Here, the administrative record shows that Petitioner did receive a custody review in September of 2005, consisting of an examination of Petitioner's file.  A written "Decision to Continue Detention" was dated September 28, 2005, and was sent to Petitioner.  Thus, having carefully reviewed the record, the Court finds that Petitioner is not entitled to any greater custody reviews than that which the BICE has already provided.  Petitioner's continued detention does not violate due process and is not constitutionally impermissible at this juncture because he has been afforded an individualized custody review.  Therefore, the petition will be denied without prejudice to allow Petitioner the opportunity to reassert his claims regarding continued detention if the BICE does not provide adequate due process in the future.

## **CONCLUSION**

Based upon the foregoing, Petitioner's application for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, is denied without prejudice.  An appropriate Order accompanies this Opinion.

/S/ Faith s. Hochberg
FAITH S. HOCHBERG, U.S.D.J.

Dated:  November 6, 2006